UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

MERRILL LYNCH, PIERCE, FENNER
& SMITH INCORPORATED

               Plaintiff,

v.                                 Civil Action No. 2:15-CV-14846

JOSHUA KRIEG,

               Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is the Plaintiff's Motion for Default Judgment (Dkt. No. 9), filed August 26, 2016.

## I. BACKGROUND

According to the facts alleged in the complaint, which are deemed admitted, Defendant Joshua Krieg ("Defendant" or "Krieg") was formerly employed by Plaintiff Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Plaintiff" or "Merrill Lynch"). (Dkt. No. 1, ¶¶ 5 and 6). Merrill Lynch commenced an arbitration proceeding against Krieg on April 21, 2014. (Dkt. No. 1, ¶ 15). In connection with his employment with Merrill Lynch, Krieg executed a "Uniform Application for Securities Registration and Transfer," also known as "Form U-4," which includes an agreement to arbitrate and comply with all provisions of the FINRA Code.[1] . (Dkt. No. 1-1, p. 20-33). Specifically, the Form U-4 executed by Krieg in connection with his employment with Merrill Lynch provides that:

---

[1] FINRA is a non-governmental organization that, under the auspices of the Securities and Exchange Commission, regulates member brokerage firms and its employees. The FINRA Code provides rules that govern arbitrations between or among industry parties in FINRA's dispute resolution forum.

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the SROs indicated in Section 4 (SRO REGISTRATION) as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

(Dkt. No. 1-1, p. 29). On December 31, 2014, the sole arbitrator entered an Award on the papers in favor of Merrill Lynch and required Krieg to pay $135,232.69 plus interest at the rate of 2.95% per annum, accruing from October 21, 2013 until the date of payment of the Award. (Dkt. No. 1-1, p. 112).

## II.  PROCEDURAL HISTORY

On November 9, 2015 – within one year of the arbitrator's issuance of the award – Plaintiff initiated the above-captioned action in which it sought an order confirming the arbitration award pursuant to 9 U.S.C. § 9. (Dkt. No. 1). Krieg was personally served with a copy of the Petition to Confirm Arbitration Award and for Entry of Judgment (the "Petition") on November 12, 2015. (Dkt. No. 6). Krieg has failed to respond to the Petition or otherwise appear in this matter. The Clerk of this Court entered default against Defendant on January 8, 2016 pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Merrill Lynch's Motion for Default Judgment (Dkt. No. 9) was filed on August 26, 2016 and noticed for hearing on September 12, 2016 (Dkt. No. 10). Defendant was served with a copy of the Motion for Default Judgment and the Notice of Hearing. Merrill Lynch appeared by counsel, Ramonda C. Lyons, at the hearing conducted on September 12, 2016, but Krieg failed to appear.

## III.  LAW AND ANALYSIS

The U.S. Court of Appeals for the Fourth Circuit has held that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact." *Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. V. Houston*

*Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975)). Despite being served, Krieg failed to answer or otherwise respond to the Petition and the Clerk of Court entered a default against him on January 8, 2016. *See* Fed. R. Civ. P. 55(a). Merrill Lynch moved for a default judgment on August 26, 2016 and Krieg has not filed any response.

The Federal Arbitration Act ("FAA") provides United States district courts with jurisdiction to confirm arbitration awards if any party to the arbitration applies for an order to confirm. 9 U.S.C. § 9. The statute states, in relevant part:

> If the parties in their [arbitration] agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. In addition, the arbitration clause set forth in the Form U-4 specifically provides "that any arbitration award rendered against [Krieg] may be entered as a judgment in any court of competent jurisdiction." (Dkt. No. 1-1, p. 29). This Court has jurisdiction over this matter because there is complete diversity among the parties and because the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

"[T]he district court's review of an arbitration award is extraordinarily narrow." *Prestige Ford v. Ford Dealer Computer Servs., Inc.,* 324 F.3d 391, 393 (5th Cir. 2000) (quoting *Gateway Technologies Inc. v. MCI Telecommuns. Corp.,* 64 F.3d 993, 996 (5th Cir. 1995)); *Antwine v. Prudential Bache Secs., Inc.,* 899 F.2d 410, 413 (5th Cir. 1990) ("[T]his Court should defer to the arbitrator's decision when possible."). The district court may modify, vacate, or correct the

3

arbitration award on a party's motion served within three months of the filing or delivery of an arbitration award. 9 U.S.C. § 12. However, Krieg has not moved to vacate, modify, or correct the award. In similar circumstances and in the absence of opposition by the defendant, affirmance of the arbitration panel's award has been held to be appropriate. *White Oak Realty, LLC et al. v. Fortress Group, USA, LLC*, No. 16-2235 Section I, 2016 U.S. Dist. LEXIS 74037; *EMO Energy Sols., LLC v. Acre Consultants, LLC,* No. 08-4365, 2008 U.S. Dist. LEXIS 100677 2008 WL 5110585, at 1 (E.D. La. Nov. 25, 2008 (Africk J.).

Accordingly, accepting as true the allegations of fact set forth in the Petition, this Court finds that Plaintiff has sufficiently established that it is entitled to a court order enforcing the arbitration award.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for a Default Judgment is **GRANTED**. The Court will enter a judgment confirming the arbitration award and adopting it as a judgment of this Court.

Entered this 16th day of September, 2016.

_____
Honorable John T. Copenhaver, Jr. Judge

Presented by:

/s/ Ramonda C. Lyons
Ramonda C. Lyons, Esquire (WVSB 6927
Lewis Glasser Casey & Rollins PLLC
300 Summers Street
BB&T Square, Suite 700
Charleston, West Virginia 25301
(304) 345-2000 (telephone)
(304) 343-7999 (facsimile)
rlyons@lgcr.com

Of Counsel:

Rachael Luken Carp, Esquire
RUBIN, FORTUNATO & HARBISON P.C.
10 South Leopard Road
Paoli, PA 19301
(610) 408-2010 (telephone)
(610) 854-1866 (facsimile)
rcarp@rubinfortunato.com

*Attorneys for Plaintiff Merrill Lynch,
Pierce, Fenner & Smith Incorporated*